DAVIS v. MINNESOTA MUTUAL LIFE INSURANCE CO.

INSURANCE—LIFE INSURANCE—COMPROMISE AND SETTLEMENT—GREAT WEIGHT OF EVIDENCE.

    In an action for a balance due on a life insurance policy, where plaintiff claimed that the amount paid to her was on account, and that the balance was to be paid in 30 or 60 days, and defendant claimed a compromise and settlement in full, verdict for plaintiff *held*, against the great weight of the evidence.[1] McDONALD, C. J., and BIRD and MOORE, JJ., dissenting.

Error to Wayne; Tappan (Harvey), J., presiding. Submitted June 10, 1925. (Docket No. 72.) Decided October 1, 1925.

Assumpsit by Rebecca Davis against the Minnesota Mutual Life Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Reversed.

[1] Life Insurance, 37 C. J. § 437.

*James M. Cleary* (*Howard H. Campbell,* of counsel), for appellant.

*Sol. Blumrosen* (*Herman J. Saulson,* of counsel), for appellee.

Bird, J. (*dissenting*). Defendant insured the life of John Davis for $10,000, and made plaintiff the beneficiary. John Davis died about a year after the insurance was taken out. Plaintiff delivered the policy to Fixel & Fixel, attorneys in Detroit, and requested them to collect it. They made the proofs of death and delivered them to the defendant and demanded payment. When the matter was ready to close nearly six months later Fixel & Fixel sent plaintiff to the office of the representative of the company. It is her claim that the representative of the company told her he had some money for her on account, and that the balance would be paid in 30 or 60 days. She was paid $6,898.70, and she signed what turned out to be a compromise settlement receipt. She was a Russian and could neither read nor write the English language. Her claim is the receipt was not read to her.

It was the claim of Mr. Arthur Fixel, who had the matter in charge, that the company made the defense that Mr. Davis had been refused insurance in another company, and that he represented in his application that he had not been refused. Mr. Fixel was impressed with this defense and compromised the claim.

Complaint is made because the court did not direct a verdict for defendant. We think the court was in no error in refusing to dispose of the case as a question of law. It was a clear cut question of fact. If she was right she was entitled to a judgment for the balance due on the policy. If the company was right she was not entitled to anything.

Complaint is also made that if she was displeased with the settlement and wanted to rescind the settlement she should have returned the money which was paid her before commencing suit. Counsel ignores her position. She disclaims any compromise settlement was made. Her claim is that she was paid $6,898.70 on a $10,000 policy, with the promise that the balance would be paid within 30 or 60 days. Under her theory of the case she was not bound to tender back what had been paid her before bringing suit for the balance.

But it is said at all events the verdict was against the great weight of the evidence. It was a question of her word against the word of the representative of the company and Arthur Fixel. She says she never heard anything about a settlement; that Arthur Fixel never told her that the company was refusing to pay; that Mr. Fixel said he was investigating the policy, and it would take a little time to do that. Mr. Fixel, of course, tells a different story. The difference in their stories makes the issue of fact.

There are some side issues which throw some light on the transaction. A short time after the matter was placed in the hands of Mr. Fixel he obtained a loan for her from one Grosberg of $5,000 for six months. When she paid it she was charged nothing for interest, but was charged $550 as a bonus. Mr. Grosberg was a close friend and business associate of Mr. Fixel, if not a client. It occurs to us if the company was making the defense that Mr. Fixel said it was, that Mr. Fixel would not have advised his friend and business associate to make the loan and take an assignment of the insurance policy as security.

The claim that Mr. Davis had been refused insurance by another company appears to be somewhat precarious and rests upon an admission of Mrs. Davis, which she testifies she never made.

Attention might be called to other matters, but we think it is useless to discuss them, as it was purely a question of fact for the jury.   They saw the parties and heard them testify, and we think there was ample testimony to arrive at the verdict they did.

The judgment should be affirmed.

McDONALD, C. J., and MOORE, J., concurred with BIRD, J.

CLARK, J.   The life insurance policy for $10,000 was issued March 29, 1921.   Mr. Davis died November 30, 1921.   Of the premium for the first year there remained unpaid $101.30.   Plaintiff beneficiary consulted Arthur E. Fixel, an attorney, and left with him the claim for adjustment.   Plaintiff disclaims knowledge of the fact, but it was the contention of defendant, as stated to Mr. Fixel, that the policy could be avoided because of a misstatement of material fact in the application and that the defendant would deny liability.   Mr. Fixel was impressed that there was merit in defendant's contention.   But after negotiation a settlement of $7,000 was agreed upon by Mr. Fixel and the defendant.   A settlement receipt was prepared, and it was signed by plaintiff in the office of defendant's agent in Detroit.   Both Mr. Fixel and the agent testified that the matter was explained to and approved by the plaintiff.   Seven thousand dollars less the unpaid premium, was paid and accepted.   Later plaintiff brought this suit in assumpsit.   The theory of the declaration is that the $7,000 was a part payment and that defendant promised to pay the remaining $3,000 later and has not done it. There is no averment of fraud, deceit or conspiracy. Her case rests on her naked statement in support of the theory of her declaration.   The testimony of Mr. Fixel, the testimony of the agent, the documentary evidence, the circumstances, are against her claim.

The verdict is against the great weight of the evidence.

Judgment reversed; new trial granted; costs to abide the result.

SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred with CLARK, J.